[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 16-17065
Non-Argument Calendar
_____

D.C. Docket No. 2:13-cv-01267-VEH-JHE

TONY EUGENE GRIMES,

Plaintiff-Appellant,

versus

VICTORRUS FELDER,

Defendant-Appellee.

_____

Appeal from the United States District Court
for the Northern District of Alabama
_____

(August 27, 2018)

Before ED CARNES, Chief Judge, MARTIN, and JILL PRYOR, Circuit Judges.

PER CURIAM:

Tony Eugene Grimes, an Alabama prisoner proceeding pro se, brought 42 U.S.C. § 1983 claims against two Alabama Department of Corrections officers, Victorrus Felder and Morris Rogers, alleging that Felder slapped and struck him in the head and that Rogers failed to stop Felder from striking him. The district court granted summary judgment in favor of Rogers on Grimes' failure to intervene claim, and after a bench trial, it entered judgment in favor of Felder on Grimes' excessive force claim.[1] This is Grimes' appeal.

Grimes contends that the district court abused its discretion by excluding the testimony of another inmate, Ricardo Poole, who would have testified that Felder slapped him hours before he slapped and struck Grimes. We review for abuse of discretion a district court's evidentiary rulings. United States v. Perez-Oliveros, 479 F.3d 779, 783 (11th Cir. 2007). The district court ruled that the evidence of Felder's encounter with Poole could not be used to prove that Felder later engaged in similar behavior toward Grimes. See Fed. R. Evid. 404(b)(1) ("Evidence of a crime, wrong, or other act is not admissible to prove a person's character in order to show that on a particular occasion the person acted in accordance with the character."); see also United States v. Beechum, 582 F.2d 898, 911 (5th Cir. 1978) ("First, it must be determined that the extrinsic offense evidence is relevant to an

---

[1] Grimes also alleged a deliberate indifference claim against Cheryl Price, a Department warden, and the district court granted summary judgment in favor of Price. Grimes does not challenge that ruling.

issue other than the defendant's character.").  Grimes argues that the district court abused its discretion by not citing Beechum, but the court's ruling furthers Beechum's holding that the evidence must be relevant to an issue other than character.  See 528 F.3d at 911.  That the court did not state that it was applying the test from Beechum matters not.[2]

Grimes also contends that the district court erred by granting summary judgment to Rogers because genuine issues of material fact remained as to whether Rogers was in a position to intervene when Felder allegedly struck Grimes.  We review de novo the district court's grant of summary judgment, viewing the record in the light most favorable to Grimes.  LeBlanc v. Unifund CCR Partners, 601 F.3d 1185, 1189 (11th Cir. 2010).  "An officer who is present at the scene and who fails to take reasonable steps to protect the victim of another officer's use of excessive force can be held liable for his nonfeasance."  Velazquez v. City of Hialeah, 484 F.3d 1340, 1341 (11th Cir. 2007).  But "it must also be true that the non-intervening officer was in a position to intervene yet failed to do so."  Crenshaw v. Lister, 556 F.3d 1283, 1294 (11th Cir. 2009) (quotation marks omitted).

In his affidavit Grimes stated that after Felder slapped him, Grimes let out a "giggle type sigh" in "trying to diffuse the situation."  About "two seconds" later,

---

[2] Grimes also argues that Poole's testimony should have been admitted under Federal Rule of Evidence 404(b)(2)'s "identity exception."  Fed. R. Evid. 404(b)(2) (providing that evidence of a crime, wrong, or other act "may be admissible for another purpose, such as . . . identity").  But Felder's identity was not at issue.

3

Felder struck him in the ear.  Grimes asserted that Rogers, who was standing behind Felder, could have done something to prevent Felder from striking him but did not.  Given those facts, particularly Grimes' reaction to the slap and the short amount of time between the slap and the strike, Rogers had no forewarning that Felder would hit Grimes a second time.[3]  As a result, Rogers was not in a position to intervene, meaning that he did not fail to take reasonable steps to prevent the alleged excessive use of force by Felder.  Crenshaw, 556 F.3d at 1294; Velazquez, 484 F.3d at 1341.  The district court did not err by granting summary judgment in favor of Rogers on Grimes' failure to intervene claim.

    **AFFIRMED.**

---

[3] Nor does Poole's affidavit suggest that Rogers should have known that Felder would use excessive force on Grimes.  The only mention of Rogers in Poole's affidavit is that Rogers stood at Poole's cell door and that either Rogers or Felder shut the cell door.  As a result, Poole's affidavit does not create a genuine issue of material fact that Rogers should have known that Felder would use excessive force on Grimes after Poole's incident with Felder.